

RECEIVED
AUG 1 4 2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

C.B.Williamson III
alias Mark Howard,

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Dorothy Brown, Dennis McNamara,

Robbin Perkins, Lauren Raymond,

Fanchion Blumenberg, Ronald G. Wade,

_____

Case No: __13C 1970__
(To be supplied by the <u>Clerk of this Court</u>)

**Honorable** Sharon Johnson Coleman

(Enter above the full name of ALL
defendants in this action. <u>Do not</u>
use "et al.")

CHECK ONE ONLY:          AMENDED COMPLAINT

   ✓    COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
        U.S. Code (state, county, or municipal defendants)

   ___  COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
        28 SECTION 1331 U.S. Code (federal defendants)

   ___  OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. **Plaintiff(s):**

A. Name: Clarence B. Williamson III

B. List all aliases: Mark Howard

C. Prisoner identification number: B60163

D. Place of present confinement: Western Ill. Corr. Ctr.

E. Address: 2500 Rt. 99-South, Mt. Sterling IL 62353

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: Dorothy Brown

Title: Clerk of the Circuit Court of Cook County

Place of Employment: Richard J. Daley Ctr, Rm. 1001, CHGO, IL

B. Defendant: Ronald Wade

Title: Manager, Civil Divison, Clerks Office of the Circuit Court of Cook County.

Place of Employment: Richard J. Daley Ctr, Rm. 601, Chgo, IL 60602

C. Defendant: Fanchion Blumenberg

Title: Chief Deputy Clerk for the Civil Div. Cirauity Court of Cook County.

Place of Employment: Richard J. Daley Ctr., Chgo, IL (Rm. 601)

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

D. Defendant: Robbin Perkins

    Title: Chief Deputy General Counsel, Human Resources

    Place of Employment: Richard J. Daley Center, Rm 1003, Chicago, IL 60602

E. Defendant: Lauren Raymond

    Title: Acting Chief Deputy General Counsel

    Place of employment: Richard J. Daley Ctr, Rm 1003, Chgo, IL

F. Dennis McNamara

F. Defendant: Dennis McNamara

    Title: Executive Clerk, Court Operations and Administrations

    Place of employment: Richard J. Daley Ctr, Rm. 1003, CHGO, IL

IV. **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1.) On or about June of 2010, the Plaintiff forwarded all of the necessary paper-work for the filing of a Mandamus Complaint; against the Cook County Public Defenders Office. Addressed to the Circuit Court of Cook County, Clerks Office, Civil Division; at the Daley Center, Chicago.

2.) Ther Clerks of the Circuit Court of Cook County, Civil Div., returned the plaintiff's documents claiming the financial information had not been included along with instruction; on or about July 2010. The named defendant, Civil Div Manager Ronal G. Wade signed off, and CC: named defendant Fanchion Blumenberg

3.) The Plaintiff returned all of the clerks forms completed in accord to the Circuit Court Rules governing filings, etc; on or about July 2010; choosing a return date for August 2010. All of which addressed to "ATTENTION: RONALD G. WADE.

4.) The defendant Wade, or the Civil Div. at the Clerks office failed to respond to the plaintiff's July correspondence. Whereas the plaintiff was provoked to address the named defendant Dennis McNamara, explaining the ongoing issues

4

Revised 9/2007

-with the defendants being served, alias summons and Wade's neglect in responding.

5.) On or about August 2010, Defendant Wade returned plaintiff's complaint and summons. In turn, the Sheriffs were unable to serve the defendants because by the time Wade had forwarded them to the Plaintiff. Theres was no way for the Cook County Sheriffs Office service the defendants within the 21-day period.

6.) The Plaintiff returned the only receipt from the Sheriff's Office, explaining they need at least 21 days to serve the defendants; on or about October 2010. Addressing Wade at the Civil Div., at the Clerkssoffice within hours, deomonstating such in the Sheriffs returning of process from. Ultimately, seeking another alias summons from Wade.

7.) The defendant Wade responded on or about October 28, 2010, explaining the alias process. Awaiting the judges approval to re-issue the summons and set a date. In which the plaintiff completed all the necessary forms immeadiately within hours and returned them to Wade.

8.) The Defendant Wade didn't respond until December 28, 2010. The Plaintiff noticed the summons were held at least two weeks by Wade's office. In contrast to the date on the defendants letter head date. The Plaintiff forwarded such to the Sheriff's Office with dire hopes. Yet again, the Sheriff's returned it for an expired summons. See Exhibit#___1___.

9.) On or about February 2011, the Plaintiff addressed the defendant Dorothy Brown. Explaining the difficulty and obstruction, with the Civil Div. in his filing and service with the defendants.

10.) On or about February 2011, the defendant Brown dignified plaintiff's letter/complaint concerning the Civil Div. in       Brown's correspondence #___2___. Basically, stating such as if the summons issues would be resolved. Along with including named defendant **Fanchion** Blumenberg, the Chief Deputy Clerk for the Civil Div.

11.) On or about March 10, 2011, defendant Fanchion Blumenberg corresponded to the plaintiff via certified mail. Enclosing the necessary forms. The aim at accomplishing the sealing and service of summons, etc

12.) On or about May of 2011, the plaintiff attempted correspondence to Blumenberg, explaining that her correspondence was dated March 10, 2011; but post-dated May 13, 2011. The plaintiff stressed the issue with Ronald Wade-

-holding on to alias summons weeks after the judge had them issued. The PLaintiff also attached a motion to be filed before the court ordering the clerks office to simply forward the alias summons and complaint a level above their office, at the Daley Ctr. To the Sheriffs Office, since their office ntinues with the issue of returning the summons with enough time for the plaintiff to in turn send it to the Sheriffs; with at least 21 days to serve. The Defendant Blumenberg refused all fo the Plaintiffs request and thus violated his rights with these frustrations to the courts.

13.) On or about June 15, 2011, defendant Wade claim a non-existant reason to continue stagnating plaintiff's filing; Stating that in order to process the forms a notice of Motion is needed. In which the plaintiff returned filled out for the first time ever, on a form produced by their office for the first time.

14.) The plaintiff recieved nothing from the defendants in respect of his filings. However the named defendants in the suit against the public defenders office. Clearly, knew of the suit against their office because the plaintiff forwarded them a waiver of service pursuant to the statute.

15.) On or about 2012, the Plaintiff attempted to correspond with the clerk office regarding the developments. The clerks claim no activity has been made since 2010.

16.) ON or about October/ November of 2012/ corresponded to defendant Robbin Perkins concerning his issues with processing summons in the civil div. The defendant Perkins deliberately refused to rectify the plaintiff's ongoing issues with access to the court.

17.) On or about December 2012, the plaintiff recieved a response from defendant Lauren Raymond refusing to address any of plaintiff's complaints, or examples forwarded to their office (human resources).

18.) The Plaintiff was notified by the assistant public defender named as the defendant in the suit against their office. That plaintiff suit was dismissed for want of prosecution. The plaintiff suffered retaliation from the named defendant in the suit against the P.D's office. See exhibit#___3___.

19.) The named defendants interfered and deliberately impeded plaintiff's access to the court. INference of retaliation ensued from the defendants actions following the initial filing of plaintiff's suit.

20.) The named defendants violated plaintiff's constitutional rights to due process, access to the court, equal protection of the law and free from retaliation. Under the First, Fifth and Fourteenth Amendments of the United States Constitution.

21.) On or about July 2013, the plaintiff forwarded all the necessary documentation for the filing of a suit/complaint against the Cook County Board President. The Civil Div. returned the documents to the plaintiff claiming an non-existant reason to return it with instruction to complete a blank space. The plaintiff complied and returned the complaint, summons, notice of motion, certificate of service. The Clerk office, civil Div., has yet to respond to plaintiff since Fall of 2013. **Exhibit#4**.

22.) Each defendant is sued individually.

23.) Each defendant is sued in her/his official capacity.

24.) At all times mentioned in this complaint each defendant acted under the color of State law.

25.) The Plaintiff reallege and incorporate by reference paragraphs 1 thru 25.

26.) The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continued to be violated by the defendatns conduct until this court grants the declaratory and injunctive relief sought.

V.  **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

A declaration that the acts and omission described herein violated plaintiff's rights under the constitution and laws of the United States A preliminary and injunction for prospective relief. Compensatory and punitive damages against each defendant. Court cost and any addition relief this court deems just, proper and equitable.

VI.  The plaintiff demands that the case be tried by a jury  YES ☐ NO

### CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 8th day of August, 20 14

C.B. Williamson III
(Signature of plaintiff or plaintiffs)

C.B. Williamson III alias Mark Howard
(Print name)

#B60163
(I.D. Number)

Western Ill. Corr. Ctr.
2500 Rt. 99 - South
Mt. Sterling, IL 62353
(Address)

Revised 9/2007

# Cook County Sheriff Civil Division

Richard J. Daley Center
50 West Washington Street, Room 701
Chicago, Illinois 60602

Date: 28 JAN 11

We are returning your process not served for the following reason:

☐ Address not in Cook County

☐ Not enough time to serve

☐ Insufficient paperwork, correct paperwork is: _____

☐ Check amount for mileage and fess incorrect, correct fee is: _____

☒ Other: THE SHERIFF CANNOT SERVE A COMPLAINT WITH AN EXPIRED SUMMONS, AND CAN ONLY SERVE THE SPECIFIC DEFENDANT YOU DIRECT US TO SERVE, THE SHERIFF CANNOT SERVE EITHER/OR IN ORDER TO SERVE MULTIPLE DEFENDANT SUMMONS AND COMPLAINT ARE NECESSARY FOR EACH

Please find the paperwork and payment you submitted enclosed.

Prepared By: ALM
(Initials)

EX #1

IN THE

_____

_____

C.B. Williamson III
a/k/a Mark Howard
_____ )
Plaintiff/Petitioner            )
                                )
        Vs.                     )    No. 2010106963
Abashi C. Cunnigham             )
_____ )
Defendant/Respondent            )

et al;

**PROOF/CERTIFICATE OF SERVICE**

TO: Cook County P.D.'s Office    TO: Dorothy Brown
    Cunningham, et al.               Clerk of the Court
    69 West Washington               50 W. Washington, 1001
    Chicago, Illinois 60602          Daley Ctr.
                                     Chgo, IL

1.) Motion to Process Summons  2.) Waiver of Process and complaint

PLEASE TAKE NOTICE that on **February 9**, 20**11**, I placed the attached or enclosed documents in the institutional mail at **Western Ill. Corr.** Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service

DATED: 2/9/11

/s/ C.B. Williamson III a/k/a Mark Howard
Name: C.B. Will a/k/a Mark Howard
IDOC#: B60163
Address: 2500 Rt. 99-South
         Mt. Sterling, IL
         62353

Subscribed and sworn to before me this **9** day of **Feb.**, 20**11**.

Michele Olson
Notary Public

OFFICIAL SEAL
MICHELE OLSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 04/22/14

EX #1



Law Office of the
**COOK COUNTY PUBLIC DEFENDER**
LEGAL RESOURCES DIVISION • 69 WEST WASHINGTON • 15TH FLOOR • CHICAGO, IL 60602 • (312) 603-0600
Hon. Abishi C. Cunningham, Jr. (Ret.) • Public Defender

August 13, 2012

Mark Howard aka Clarence Williamson
No. B-60163
Western IL Correctional
2500 Rte. 99 South
Mt. Sterling, IL 62353

Mr. Howard:

Your post-conviction petition before Judge Crane will be in court again on August 23, 2012.

As best as I can determine, the lawsuit you filed against me and my office has been dismissed for want of prosecution. You have not communicated to me, but have managed to write to another attorney in our office.

I have had your case for some time and have had an opportunity to review your claims and the related physical evidence. I have communicated with you about your case and your claims. Accordingly, I may be filing a 651 certificate on your case on August 23 or soon after.

Please contact me with any questions or comments.

Sincerely,

Mr. Lindsay Hugé
Assistant Public Defender

Ex# 3

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Mark Howard
_____
Plaintiff/Petitioner

v.

Toni Preckwinkle, President Cook County
_____
Defendant/Respondent

No. _____

Calendar _____

### ORDER

This matter coming before the Court on an Application and Affidavit to Sue or Defend as an Indigent Person, the Court being fully advised in the premises, IT IS HEREBY ORDERED;

Pursuant to Supreme Court Rule 298 and 735 ILCS 5/5-105:

[X] The applicant is permitted to sue or defend without payment of fees, costs or charges. Fees for the reproduction of any documents contained in the court file or the electronic docket are not waived without specific order of court. The applicant may be ordered to pay any portion of the waived fees or costs out of a settlement or judgment resulting from this action.

[ ] The application is denied for the following reason(s): _____
_____
_____

[ ] Payment shall be: [ ] made by _____ OR [ ] deferred until _____ OR [ ] other _____
                              (date)                          (date)

ENTER
SEP 12 2013
DOROTHY BROWN
CLERK OF CIRCUIT COURT

ENTERED:

Dated: 9-12-2013

_____
Judge                         Judge's No.

Payment should be made by cash, money order or cashier's check, directly to the Clerk of the Circuit Court of Cook County at the courthouse where you filed your application.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

RESPONDENT'S COPY

Ex #4

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT, EASTERN DIVISION

C.B. Williamson III aliasmark Howard )
Plaintiff/Petitioner )
 )
Vs. )  No. 13 C 1970
 )  Sharon Johnson Coleman
Dorothy Brown, et al ) Presiding Judge
Defendant/Respondent )

## PROOF/CERTIFICATE OF SERVICE

TO: U.S. Dist. Court
ATTN: Prisoners Correspondence
219 S. Dearborn
Chgo, IL

TO: Attorney Andree Huff
50 W. Washington
Chgo IL
606

PLEASE TAKE NOTICE that on August 8, 2014, I placed the attached or enclosed documents in the institutional mail at Western Illinois Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service

DATED: 8-8-14

/s/ _____
Name: Mark Howard
IDOC#: B60163
Address: 2500 Rt. 99-South
Mt. Sterling, IL 62353

Subscribed and sworn to before me this 8 day of August, 2014

Michele Olson
Notary Public

OFFICIAL SEAL
MICHELE OLSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/22/18

Mark Howard B60163
WICC
2500 Rt. 99 South
Mt. Sterling IL 62353

8/8/14   RE: Possible Copies

Certified Copy desk °

I was only able to provide the enclosed 5 copies in this envelop. An additional envelop is trailing this filing. However, I need copies of the numbered exhibits # 2,3,4,13,16,17,24,25, can I be billed if indigent is proven for extended periods

Respectfully,
[signature]